The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John Hedrick and the briefs before the Full Commission. The appealing party has not shown good ground to consider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Defendants paid plaintiff temporary total disability compensation at the rate of $252.55 per week from 21 September 1994 to 26 March 1995.
2. On 27 March 1995, Special Deputy Commissioner Bain Jones, Jr. filed an Administrative Decision and Order allowing defendants to terminate payment of compensation effective 2 January 1995.
3. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
4. A report of a Functional Capacities Evaluation, marked as Stipulated Exhibit Number Three, is admitted into evidence.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Dr. Califf, Dr. Frazier and Ms. Harris are OVERRULED. Furthermore, plaintiff's motion to the Full Commission pursuant to N.C. Gen. Stat. § 97-85, to Receive Additional Medical Evidence is hereby GRANTED, and the plaintiff's medical records from T. Craig Derian, M.D. of January 9, 1997 and February 3, 1997 are hereby ADMITTED into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was a 62 year old woman with employment experience in farming and hosiery mill factory work. Plaintiff had a seventh grade education.
2. On September 21, 1994, plaintiff worked for defendant as a gusset machine operator. On that date, plaintiff strained her low back while lifting a bundle of hosiery. Plaintiff was referred to an orthopedic surgeon at the Kernodle Clinic, Dr. James C. Califf. Dr. Califf first examined plaintiff on 17 October 1994. Dr. Califf prescribed physical therapy and otherwise treated plaintiff conservatively.
3. When plaintiff continued to complain of back pain, Dr. Califf ordered an MRI scan, which was performed on 7 December 1994. Plaintiff did not have a herniated disc. She did have spondylolisthesis at L5-S1, which was a "wear and tear change", associated with degenerative changes/aging processes. Plaintiff also had a mild bulging disc at L4-L5. The incident on 21 September 1994 caused plaintiff to sustain a back sprain, which aggravated plaintiff's pre-existing back condition.
4. When Dr. Califf examined plaintiff on 7 December 1994, she was magnifying her symptoms and exhibiting pain behaviors in response to stimuli that physiologically should not have produced pain.
5. Dr. Califf ordered a functional capacity evaluation, which was performed on 15 December 1994. During the functional capacity evaluation, plaintiff again magnified her symptoms and did not exert maximum effort. Nevertheless plaintiff was physically capable of sedentary employment, including her former position as a gusset machine operator.
6. Defendant-employer offered plaintiff the opportunity to return to work in her former position as a gusset machine operator. In this position, plaintiff would be allowed to sit during the majority of her work shift. The position involved occasional standing and stooping, but lifting requirements would not exceed three (3) pounds on a frequent basis or twelve (12) pounds on an infrequent basis. On 19 December 1994, Dr. Califf released plaintiff to return to work for defendant-employer as a gusset machine operator.
7. Plaintiff returned to work for defendant-employer as a gusset machine operator on 2 January 1995. Plaintiff worked in this position for approximately two hours. Plaintiff testified that she was unable to continue working as a gusset machine operator due to low back pain. The undersigned does not accept as credible plaintiff's testimony that she was unable to perform the work due to pain.
8. Thereafter, plaintiff did not return to work as a gusset machine operator. Plaintiff has not worked for any employer since 2 January 1995.
9. Plaintiff reached maximum medical improvement on 21 April 1995. On that date, plaintiff had a three percent permanent partial impairment of her back as a result of her injury on 21 September 1994.
10. Plaintiff was referred by the social security disability administration to a psychiatrist for an evaluation. On 21 July 1995, plaintiff was examined by Dr. Harold L. Frazier, a board certified psychiatrist. Plaintiff complained of depression and anxiety, and gave a history of being the oldest of sixteen children in her family, and completing only the fourth grade in order to stay home and help look after her siblings. Plaintiff married at the age of 18, and had nine children. Plaintiff was socially isolated. Plaintiff had prior medical problems including a total hysterectomy, hemorrhoidectomy, gall bladder removal, high blood pressure, thyroid problems and hearing loss. On 21 July 1995, plaintiff had a major depressive disorder, chronic, of moderate severity with minor melancholic features.
11. Plaintiff's depression pre-existed her injury on 21 September 1994. However, her injury on 21 September 1994 was a significant contributing factor to her depression. The evidence of record is insufficient to prove by its greater weight that plaintiff's depression rendered her incapable of earning wages from defendant-employer, or any other employer.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 2 January 1995, plaintiff unjustifiably refused employment procured for her by defendants, that was suitable to her physical capacity and, therefore, is entitled to no temporary disability compensation after 1 January 1995 and during the continuance of such refusal, and for so long as the plaintiff continues to refuse employment procured for her by the defendants. N.C. Gen. Stat. § 97-32.
2. Plaintiff is entitled to payment of permanent partial disability compensation at the rate of $252.55 per week for nine weeks. N.C. Gen. Stat. § 97-31(23).
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 21 September 1994.
4. Defendants are entitled to a credit against the permanent partial disability compensation due plaintiff equal to the amount of temporary total disability compensation paid to plaintiff from 2 January 1995 to 26 March 1995.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff is entitled to no additional disability compensation because the credit due defendants exceeds the permanent partial disability compensation due plaintiff.
2. Each side shall bear its own costs, except that defendants shall pay expert witness fees of $180.00 and $168.75 to Dr. Frazier and Ms. Harris, respectively.
This the _____ day of September, 1997.
 S/ ____________ PAMELA T. YOUNG DEPUTY COMMISSIONER
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ THERESA STEPHENSON DEPUTY COMMISSIONER